UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-81253-AMC

PETERSON AND YOUNG,

                Plaintiff,

vs.

JEWELERS MUTUAL INSURANCE CO.,

                Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS AMENDED COMPLAINT [ECF No. 12]

On August 3, 2023, Plaintiff sued its insurer in state court for breach of contract and declaratory relief. ECF No. 1-2. On September 15, 2023, after Defendant removed the case to this Court, Judge Cannon *sua sponte* dismissed the Complaint as a shotgun pleading. ECF No. 5. On September 15, 2023, Plaintiff filed a Notice of Intent to Initiate Litigation (the "Notice").[1] Three weeks later, on October 3, 2023, Plaintiff filed a one-count Amended Complaint alleging breach of an insurance policy. ECF No. 11.

---

[1] Although Defendant says the Notice is appended to the Motion to Dismiss and is central to Plaintiff's claim and of undisputed authenticity, ECF No. 18 at 6-7, the docket does not reflect the Notice being part of the record in this case. Attached as an Exhibit to this Report and Recommendation is a copy of the Notice downloaded from the Florida Department of Financial Services website. https://piitil.myfloridacfo.gov/ViewNotice?noticeId=142709

Defendant now moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Defendant says (1) Plaintiff did not give timely pre-suit notice as required by Florida Statute §627.70152(3)(a) and (2) even if timely notice was given, it did not meet the statutory requirements. Plaintiff argues that the sufficiency of the Notice cannot be resolved on a Motion to Dismiss because the Notice was not incorporated into the Amended Complaint.

Florida law requires a property insurance claimant to serve the Florida Department of Financial Services with a pre-suit Notice of Intent to Initiate Litigation. §627.70152(3)(a) Fla. Stat. The statute says:

> As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information:
>
> 1. That the notice is provided pursuant to this section.
>
> 2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
>
> 3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
>
> 4. If the notice is provided following a denial of coverage, an estimate of damages, if known.
>
> 5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
>
>    a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.
>
>    b. The disputed amount.

> Documentation to support the information provided in this paragraph may be provided along with the notice to the insurer.

The property insurer has 10 business days to investigate and respond to the Notice. §627.70152(4) Fla. Stat. "A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section or if such suit is commenced before the expiration of any time period provided under subsection (4), as applicable." §627.70152(5) Fla. Stat.

Plaintiff concedes that it filed the original complaint before giving statutory notice. That complaint was dismissed without prejudice. Plaintiff says it then gave proper notice and waited more than 10 business days to refile the lawsuit. Defendant does not dispute this sequence of events, but nevertheless argues that this suit should again be dismissed. ECF No. 12 at 3-4. Defendant does not explain what another dismissal without prejudice would accomplish. Defendant's overly-formalistic approach is not consistent with Fed. R. Civ. P. 1.

After the initial complaint was dismissed, there was no pending litigation in this Court. The Notice predated the current Amended Complaint, which re-started the litigation, by more than 10 business days. It is logical and reasonable therefore to find that the Notice complied with the statutory requirement of presuit notice.[2]

Defendant also argues that the content of the Notice did not comply with Section 627.70152(3) because it did not (1) identify the insurer's acts or omissions with specificity, and (2) contain an itemized settlement demand. *Id.* at 5. It says that

---

[2] Defendant does not suggest that Plaintiff delayed filing the Notice in bad faith or for a tactical advantage.

3

the Court can take judicial notice of the Notice without converting the motion into a summary judgment motion. ECF No. 18 at 6. Plaintiff argues that the Court cannot look beyond the Amended Complaint, which alleges that all conditions precedent to filing suit have been satisfied. ¶9 ("All conditions precedent to the filing of this Amended Complaint have been satisfied or waived."); Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). In an identical situation, Judge Bloom held that the Court could not consider the timeliness of a Section 627.70152 notice because doing so required the Court to look beyond the four corners of the complaint. *Cardelle v. Scottsdale Ins. Co.*, No. 21-CV-24062, 2022 WL 196294, at *3 (S.D. Fla. Jan. 21, 2022) (J. Bloom). I need not resolve this issue because even if I were to consider the Notice, the Motion to Dismiss should be denied.

Defendant analogizes Section 627.70152's notice requirement to the Civil Remedy Notice required by Florida Statute 624.155 for a first-party bad faith claim. ECF No. 12 at 6-7. Defendant ignores that Section 624.155 can be satisfied where there is actual notice, substantial compliance, and absence of prejudice. *Julien v. United Prop. & Cas. Ins. Co.*, 311 So. 3d 875, 879 (Fla. 4th DCA 2021) (quoting with approval *Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 500 F. Supp. 3d 1336, 1346 (S.D. Fla. 2020) (J. Middlebrooks)). Those same principles apply here. The Notice adequately alleges that Defendant has not fully paid Plaintiff's damages arising from a water leak at a neighboring retail store. It also lists estimated damages of $182,926.

Defendant has not shown prejudice from the alleged shortcomings in the Notice. Therefore, viewed in the light most favorable to Plaintiff, the Notice was sufficient.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Dismiss.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 7th day of December, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

## Property Insurance Notice of Intent to Initiate Litigation

| | |
|---|---|
| Notice Number: | **142709** |
| Notice Accepted: | **9/15/2023 2:48:38 PM** |

☑ **The submitter hereby states that The Property Insurance Intent to Initiate Litigation Notice is provided pursuant to Section 627.70152, Florida Statutes.**

### Claimant (Insured filing suit under a residential or commercial insurance policy)

| | |
|---|---|
| Name: | **Peterson and Young Inc DBA Peterson & Young Goldsmiths** |
| Street Address: | **10929 N Military Trail** |
| City, State Zip: | **Palm Beach Gardens, FL 33410** |
| Email Address: | **vince@pygoldsmiths.com** |
| Policy Number: | **55-015166** |
| Claim Number: | **45-009894** |

### Attorney

| | |
|---|---|
| Name: | **John Whittles** |
| Street Address: | **5606 PGA Boulevard, Suite 211** |
| City, State Zip: | **Palm Beach Gardens, FL 33418** |
| Email Address: | **lalevizos@mathisonwhittles.com** |
| Florida Bar #: | **178802** |
| Firm Name: | **Mathison Whittles, LLP** |
| Role on Claim: | **Represent Insured** |

**\*** Pursuant to Section 627.70152, Florida Statutes, the Attorney filing this Notice must provide a copy of this Notice to the Claimant. The Claimant's email address is a required field as this Notice will be transmitted to the Claimant upon submission.



| Notice Details |
|---|
| Insurer Name: |
| **JEWELERS MUTUAL INSURANCE COMPANY, S.I.(14354)** |
| **\*** Make sure to reference the declarations page on the insurance policy to confirm the legal name of the insurance company. If you are unsure about the correct legal name of the underwriting company, please check with the Secretary of State, Division of Corporations, at <u>www.sunbiz.org</u>, or the Office of Insurance Regulation website at <u>www.companysearch.myfloridacfo.gov</u> to search for an insurer's name. |
| The Department of Financial Services (Department) does not review entries for accuracy, determine the validity of the allegations, nor verify that the proper insurance company has been selected on the Property Insurance Intent to Initiate Litigation Notice (Notice). This system determines whether a filing is accepted based on whether it contains a response in all required fields necessary to submit a complete Property Insurance Intent to Initiate Litigation Notice. No determination is made as to the legal sufficiency of the information provided by the consumer or their counsel in the submission. |
| Alleged Acts or Omissions of the Insurer: |
| **Although the insured, P&Y, paid for comprehensive insurance coverage, including business interruption and lost profits coverage, it was not fully compensated by its insurer, Jeweler's Mutual, after its neighbor, a Starbucks retail location, repeatedly leaked water into the P&Y premises for over two years. P&Y was forced to sue Starbucks and, while it recovered a portion of the damages, Jeweler's Mutual has not fully paid P&Y's damages related to Starbucks, thus necessitating this lawsuit** |
| This Notice is being provided following a denial of coverage. |
| Estimate of Damages:    **$182,926.00** |

| Attachments |
|---|
| No attachments uploaded |