UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-81253-CIV-CANNON/Reinhart

**PETERSON AND YOUNG**,
d/b/a Peterson and Young Goldsmiths,

    Plaintiff,
v.

**JEWELERS MUTUAL INSURANCE COMPANY**,

    Defendant.
_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 22]**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss (the "Motion") [ECF No. 12]. The Motion was referred to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 19]. On December 7, 2023, Judge Reinhart issued a report recommending that the Motion be denied (the "Report") [ECF No. 22]. On January 4, 2024, Defendant filed its Objections to the Report [ECF No. 31]. The Court has reviewed the Report [ECF No. 22], Defendant's Objections [ECF No. 31], and the full record.[1] For the reasons set forth below, the Report [ECF No. 22] is **ACCEPTED IN PART AND REJECTED IN PART**, and the Motion [ECF No. 12] is **GRANTED.**

**RELEVANT BACKGROUND**

This case involves an insurance dispute between Peterson and Young ("Plaintiff")—a jewelry store located in Palm Beach Gardens, Florida—and Plaintiff's insurer, Jewelers Mutual

---

[1] On December 11, 2023, Plaintiff filed a Notice of No Objections to the Report [ECF No. 24]. Plaintiff did not file a response to Defendant's objections. *See* Fed. R. Civ. P. 72(b)(2).

Insurance Company ("Defendant") [ECF No. 11 p. 1]. From 2020 to 2022, repeated water leaks from an adjacent Starbucks retail location damaged Plaintiff's property [ECF No. 11 pp. 11–12]. After Plaintiff's insurer (*i.e.*, Defendant) agreed to pay only for a portion of the resulting damage, Plaintiff sued Defendant in state court [ECF No. 1-2]. On September 12, 2023, Defendant removed the action to this Court [ECF No. 1]. On September 15, 2023, Plaintiff filed a notice of intent to initiate litigation with the Florida Department of Financial Services (the "Notice") [ECF No. 22 pp. 6–7].[2] Later that same day, the Court *sua sponte* dismissed Plaintiff's initial Complaint as an impermissible shotgun pleading [ECF No. 5]. On October 3, 2023, Plaintiff filed the operative single-count Amended Complaint, alleging breach of contract [ECF No. 11].

On October 12, 2023, Defendant filed the instant Motion to Dismiss, raising two arguments: (1) Plaintiff failed to give timely pre-suit notice as required by Fla. Stat. § 627.70152(3)(a); and (2) the content of Plaintiff's belated Notice lacked the specificity required by the statute [ECF No. 12 pp. 4–11]. On December 7, 2023, following referral, Judge Reinhart issued the Report, rejecting both of Defendant's arguments and recommending the Motion be denied [ECF No. 22]. Defendant filed its Objections to the Report on January 4, 2024 [ECF No. 31]. The Report is ripe for adjudication [ECF Nos. 22, 31].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822

---

[2] In Florida, before filing suit under a property insurance policy, an insured must provide its insurer with notice of its intent to initiate litigation. Fla. Stat. § 627.70152. Such notice "must be given at least 10 business days before filing suit" and "must state with specificity" certain information as further described below. Fla. Stat. § 627.70152(3).

CASE NO. 23-81253-CIV-CANNON/Reinhart

(11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

As noted, the Report rejects Defendant's arguments as to both the timeliness and content/specificity of Plaintiff's Notice under Fla. Stat. § 627.70152(3)(a). On timeliness, the Report determines that Plaintiff gave notice more than ten business days before filing its Amended Complaint, as required by Fla. Stat. § 627.70152(3)(a) [ECF No. 22 pp. 2–3]. The Court agrees with that determination, and Defendant does not object to it [*See* ECF No. 31]. With respect to the content of Plaintiff's Notice, the Report concludes that the Notice substantially complied with the statute, provided actual notice to Defendant, and did not prejudice Defendant [ECF No. 22 p. 4 (citing *Julien v. United Prop. & Cas. Ins. Co.*, 311 So. 3d 875, 879 (Fla. Dist. Ct. App. 2021))]. For the reasons below, the Court disagrees with the Report's sufficiency determination, concluding that the pre-suit Notice failed to include the information required by the plain and mandatory language of the statute.

Section 627.70152(3)(a) requires that, as "a condition precedent to filing a suit under a property insurance policy," a claimant must provide the Florida Department of Financial Services with "written notice of intent to initiate litigation" on a specified form. Fla. Stat. 627.70152(3)(a).

3

The notice must "state with specificity" certain information as enumerated in the statute, including "[t]he alleged acts or omissions of the insurer giving rise to the suit," a "presuit settlement demand, which must itemize the damages, attorney fees, and costs," and "[t]he disputed amount." *Id*.

Plaintiff's Notice lacks information required by Fla. Stat. § 627.70152(3)(a) and therefore warrants dismissal of this case without prejudice. Fla. Stat. § 627.70152(5) ("A court must dismiss without prejudice any claimant's suit relating to a claim for which [pre-suit notice] was not given as required by this section."). A screenshot of the relevant portion the Notice is provided below:

> **Notice Details**
>
> **Insurer Name:**
> **JEWELERS MUTUAL INSURANCE COMPANY, S.I.(14354)**
>
> \* Make sure to reference the declarations page on the insurance policy to confirm the legal name of the insurance company. If you are unsure about the correct legal name of the underwriting company, please check with the Secretary of State, Division of Corporations, at www.sunbiz.org, or the Office of Insurance Regulation website at www.companysearch.myfloridacfo.gov to search for an insurer's name.
>
> The Department of Financial Services (Department) does not review entries for accuracy, determine the validity of the allegations, nor verify that the proper insurance company has been selected on the Property Insurance Intent to Initiate Litigation Notice (Notice). This system determines whether a filing is accepted based on whether it contains a response in all required fields necessary to submit a complete Property Insurance Intent to Initiate Litigation Notice. No determination is made as to the legal sufficiency of the information provided by the consumer or their counsel in the submission.
>
> **Alleged Acts or Omissions of the Insurer:**
>
> **Although the insured, P&Y, paid for comprehensive insurance coverage, including business interruption and lost profits coverage, it was not fully compensated by its insurer, Jeweler's Mutual, after its neighbor, a Starbucks retail location, repeatedly leaked water into the P&Y premises for over two years. P&Y was forced to sue Starbucks and, while it recovered a portion of the damages, Jeweler's Mutual has not fully paid P&Y's damages related to Starbucks, thus necessitating this lawsuit**
>
> This Notice is being provided following a denial of coverage.
>
> **Estimate of Damages:**    $182,926.00

Even if the Court were to construe the "Estimate of Damages" as the equivalent of a "presuit settlement demand," the fact remains that the estimate provided does not reflect what the statute requires: "itemize[d] damages, attorney fees, and costs." Fla. Stat. § 627.70152(3). Nor does the notice indicate with specificity "[t]he disputed amount," another statutory requirement. *Id*. Because the Notice fails to include these items of information—information which, by the

plain terms of the statute, must be included with specificity—dismissal without prejudice is required. Fla. Stat. § 627.70152(5).[3]

The Report reached a different conclusion, finding the Notice sufficient because it substantially complied with the statute, provided actual notice, and did not prejudice Defendant [ECF No. 22 pp. 4–5]. In support of that finding, the Report cites to caselaw interpreting the requirements of Fla. Stat. § 624.155, a different provision governing first-party "bad faith" claims [ECF No. 22 p. 4 (citing *Julien v. United Prop. & Cas. Ins. Co.*, 311 So. 3d 875, 879 (Fla. Dist. Ct. App. 2021))]. The Court respectfully disagrees with this portion of the Report's finding. In the absence of any authorities interpreting the level of specificity required by the statute at issue here, Fla. Stat. § 627.70152, the Court declines to analogize to caselaw interpreting a different statutory provision that, while similar in some respects, notably does not contain what Fla. Stat. § 627.70152 contains: a specific directive requiring dismissal of an action in cases of deficient notice. *See* Fla. Stat. § 627.70152(5). Moreover, although the Report is correct that some courts have applied the notice requirements in Fla. Stat. § 624.155 in a more permissive fashion, there is persuasive authority applying the plain text of that statute to require strict (not substantial) compliance [ECF No. 31 pp. 3–4 (collecting cases)].

In any event, setting Fla. Stat. § 624.155 aside, the Court must apply the plain language of the statute at issue here, and the text of that statute, as noted, is clear in its requirement of strict

---

[3] Although unnecessary to resolution of this Motion, it is debatable whether the notice complies with the statutory requirement to "state with specificity" "[t]he alleged acts or omissions of the insurer giving rise to the suit." Fla. Stat. § 627.70152(3)(a). Beyond the allegation that Plaintiff "was not fully compensated by its insurer," Plaintiff's Notice fails to include any meaningful detail concerning any claims it submitted (or did not submit) with its insurer; the amount of compensation it received (if any); Defendant's proffered basis for denying full coverage; and associated dates. The Florida Department of Financial Services' website permits a filer to upload attachments with its notice submission.

compliance with the pre-suit notice requirements. Fla. Stat. § 627.70152(3)(a) (providing that "[t]he notice must state with specificity all of the following information" and then requiring dismissal for failure to comply); *see generally Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 526 F. Supp. 2d 1251, 1255 (S.D. Fla. 2007). Because Plaintiff's Notice fails to provide all of the necessary information with the requisite degree of specificity, the Notice is inadequate, and the matter must be dismissed.

The Court finally addresses Plaintiff's argument that any consideration of the pre-suit Notice would convert the Motion into one for summary judgment [*See* ECF No. 15 pp. 4–5]. Plaintiff argues that documents not attached to the pleadings—in this case, the pre-suit Notice—cannot be considered at the motion to dismiss stage [ECF No. 15 pp. 4–5]. Generally, Plaintiff is correct that analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and the attachments thereto. *See, e.g.*, *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Exceptions exist, however, and two are applicable in this case.

First, "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)); *see also* Fed. R. Evid. 201. Plaintiff's Notice is publicly available on an official website maintained by the Florida Department of Financial Services, and thus, it is a "matter of public record" of which the Court may take judicial notice at this stage. *Serpentfoot*, 322 F. App'x at 807; https://piitil.myfloridacfo.gov/ (last visited Feb. 6, 2024). Second, under the incorporation-by-reference doctrine, "a court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if (1) the plaintiff refers to certain documents in the complaint, (2) those documents are central to the plaintiff's claim, and (3) the

6

documents' contents are undisputed." *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023) (internal quotations and citations omitted).[4] These elements are met here, and Plaintiff does not argue otherwise. The Amended Complaint refers to the Notice in alleging that all conditions precedent are satisfied [ECF No. 11 ¶ 6]. The Notice is essential to satisfying a statutory condition precedent to bringing the claim. And the Notice's "contents are undisputed" by Plaintiff [*See* ECF No. 15]; *Day v. Taylor*, 400 F.3d 1272, 1257 (11th Cir. 2005) (explaining that "'undisputed' means that the authenticity of the document is not challenged"). In sum, the Court's consideration of the Notice is appropriate and does not convert Defendant's Motion into one for summary judgment.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 22] is **ACCEPTED IN PART AND REJECTED IN PART**.

    a. The Report's determination that Plaintiff's pre-suit Notice was timely under Fla. Stat. § 627.70152(3)(a) is **ACCEPTED.**

    b. The Report's determination that the content of Plaintiff's pre-suit Notice is sufficient under Fla. Stat. § 627.70152(3)(a) is **REJECTED.**

2. Defendant's Motion to Dismiss [ECF No. 12] is **GRANTED**.

3. Plaintiff's Amended Complaint [ECF No. 11] is **DISMISSED WITHOUT PREJUDICE**. No repleading is permitted in this action. Plaintiff may initiate a new lawsuit as permitted by law.

---

[4] Defendant's Motion incorporates screenshots of the relevant portions of Plaintiff's pre-suit Notice [ECF No. 12 p. 5].

4. The Clerk is directed to **CLOSE** this case. Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of February 2024.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record